**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3106
_____

LISA A. SMITH-GOODMAN,

Appellant

v.

TURNING POINTS FOR CHILDREN CUA9;
CITY OF PHILADELPHIA;
STEPHANIE ENGLISH, (OFFICIAL CAPACITY);
KATLIN SULLIVAN, (OFFICIAL CAPACITY)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 18-cv-03675)
District Judge:  Honorable Juan R. Sánchez

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 11, 2020
Before:  KRAUSE, MATEY and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed July 17, 2020)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Lisa Smith-Goodman appeals the District Court's order dismissing her Second Amended Complaint. For the reasons below, we will affirm the District Court's judgment.

The procedural history of this case and the details of Smith-Goodman's claims are well-known to the parties, set forth in the District Court's memorandum, and need not be discussed at length. Briefly, in her Second Amended Complaint, Smith-Goodman challenged state court proceedings in which the Court of Common Pleas of Philadelphia County terminated her guardianship of a child who is not her biological daughter. She argued that the City of Philadelphia's policy of reuniting children with their biological parents denied her due process. Appellees filed motions to dismiss which the District Court granted. Smith-Goodman filed a timely notice of appeal, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

In her brief, Smith-Goodman argues that she was denied due process during an August 2018 hearing that resulted in the suspension of her guardianship of the child. She asserts that she and her attorney were sequestered during the August 2018 hearing and not afforded due process for the remainder of the proceedings. Smith-Goodman, however, did not include this allegation in her Second Amended Complaint and cannot raise it now. See Webb v. City of Philadelphia, 562 F.3d 256, 263 (3d Cir. 2009) (failure to raise issue results in waiver); United States v. Anthony Dell'Aquilla, Enters. and

Subsidiaries, 150 F.3d 329, 335 (3d Cir. 1998) ("[A]bsent exceptional circumstances, an issue not raised in district court will not be heard on appeal."). We note that Smith-Goodman was represented by an attorney during that hearing and did not appeal the order suspending her guardianship.

Smith-Goodman also argues in her brief that she was denied due process on February 12, 2019, when the state court held an ex parte hearing and ordered her to have no contact with the child. This allegation, however, was also not included in the Second Amended Complaint filed months before the hearing occurred. For the same reasons as those described above, we decline to review this allegation.[1]

Smith-Goodman argues that at oral argument in the District Court, Appellees committed fraud on the District Court when they referred to her as a foster parent. She claims she was not a foster parent because she shared physical and legal custody of the child; thus, she argues, she was entitled to due process. However, Smith-Goodman does not claim that she was prevented from presenting her arguments to the District Court in support of her contention. Nor does she explain how the description of her status affected

---

[1] Smith-Goodman submitted a copy of a Superior Court opinion affirming the Juvenile Division denial of her motion to vacate the no-contact order. According to the Superior Court, Smith-Goodman was present for part of the February 2019 hearing and the no-contact order was requested in her presence. After her motion to hold the child's mother in contempt was denied, the court granted a request to have Smith-Goodman and her attorney leave the courtroom. Neither Smith-Goodman nor her attorney objected. The Superior Court concluded that she waived her claim that the juvenile court violated her due process rights.

the District Court's decision.  The District Court assumed for the sake of argument that Smith-Goodman did have a protected interest in custody of the child and concluded that she had not been denied due process.

Finally, Smith-Goodman asks us to review the entire record and decide if her right to due process was violated.  However, we do not consider undeveloped arguments or those not properly raised and discussed in a brief.  See Doeblers' Pa. Hybrids, Inc. v. Doebler, 442 F.3d 812, 821 n.10 (3d Cir. 2006) (noting that "passing and conclusory statements do not preserve an issue for appeal"); DeSilva v. DiLeonardi, 181 F.3d 865, 867 (7th Cir. 1999) ("A brief must make all arguments accessible to the judges, rather than ask them to play archaeologist with the record.")

For the above reasons, as well as those set forth by the District Court, we will affirm the District Court's judgment.  The Appellees' motions to stay appeal and the briefing schedule pending state court proceedings are denied.

4